JS 44 (Rev. 12/12)

13 cv 4772

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christian Cirigliano

## DEFENDANTS
Phila P/O Thomas Liciardello, P/O Michael Spicer, P/O John Speiser, P/O Brian Reynolds, P/O Robert Otto,

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lawrence J. Bozzelli, 1221 Locust Street, STE 301, Phila PA 19107
267-251-7822

Attorneys *(If Known)*
City of Philadelphia Law Department

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

❏ 2 U.S. Government Defendant

❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane    ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product     Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument |     Liability    ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &     Pharmaceutical | | ❏ 820 Copyrights | ❏ 450 Commerce |
|    & Enforcement of Judgment |     Slander     Personal Injury | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'     Product Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted |     Liability    ❏ 368 Asbestos Personal | | |     Corrupt Organizations |
|     Student Loans | ❏ 340 Marine     Injury Product | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
|     (Excludes Veterans) | ❏ 345 Marine Product     Liability | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** |     Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) |     Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending |     Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract |     Product Liability    ❏ 380 Other Personal | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal     Property Damage | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| ❏ 196 Franchise |     Injury    ❏ 385 Property Damage |     Leave Act | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury -     Product Liability | ❏ 790 Other Labor Litigation | |     Act |
| |     Medical Malpractice | ❏ 791 Employee Retirement | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** |     Income Security Act | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights    **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff |     Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee | |     or Defendant) |     Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment    ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/     Sentence | |     26 USC 7609 |     State Statutes |
| ❏ 245 Tort Product Liability |     Accommodations    ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -    ❏ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment    **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities -    ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| |     Other    ❏ 550 Civil Rights |     Actions | | |
| | ❏ 448 Education    ❏ 555 Prison Condition | | | |
| |    ❏ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Sec.1983 - Civil Rights
Brief description of cause:
1983 Civil Rights Action against police officers in the City of Philadelphia

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

AUG 16 2013

DATE
08/16/2013

SIGNATURE OF ATTORNEY OF RECORD
*Lawrence Bozzelli*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: LAWRENCE J. BOZZELLI, ESQ, 1221 LOCUST ST, STE 301, PHILA PA 19107

Address of Defendant: CITY LAW DEPT, 1515 ARCH STREET, 14th FL, PHILA PA, 19102

Place of Accident, Incident or Transaction: VARIOUS but including 1411 PORTER ST, PHILA PA 19146
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, LAWRENCE J. BOZZELLI, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8.16.13 _____  _____  85108
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 16 2013

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8·16·13 _____  _____  85108
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTIAN CIRIGLIANO                           :           CIVIL ACTION
           v.                        :
Thomas Liciardello et al                       :           NO. 13 — 4772

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)

| | | |
|---|---|---|
| 8.16.13 | LAWRENCE J. BOZZELLI | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267.251.7822 | 215.893.8534 | BOZZELLI.LAW @ GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 16 2013







# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN CIRIGLIANO** | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | |
| v. | : | Civil Action No. #13-_____ |
| | : | |
| **POLICE OFFICER** | : | |
| **THOMAS LICIARDELLO** | : | 13   4772 |
| **(Badge #4383)** | : | |
| individually and as a Police Officer | : | |
| for the City of Philadelphia; | : | |
| | : | **FILED** |
| **POLICE OFFICER** | : | |
| **MICHAEL SPICER** | : | AUG 16 2013 |
| **(Badge #5180)** | : | |
| individually and as a Police Officer | : | MICHAEL E. KUNZ, Clerk |
| for the City of Philadelphia; | : | By_____ Dep. Clerk |
| | : | |
| **POLICE OFFICER** | : | |
| **BRYAN REYNOLDS** | : | |
| **(Badge #4268)** | : | |
| individually and as a Police Officer | : | |
| for the City of Philadelphia; | : | |
| | : | |
| **POLICE OFFICER** | : | |
| **JOHN SPEISER** | : | |
| **(Badge #7169)** | : | |
| individually and as a Police Officer | : | |
| for the City of Philadelphia; | : | |
| | : | |
| **POLICE OFFICER** | : | |
| **LT. ROBERT OTTO** | : | |
| **(Badge # 413)** | : | |
| individually and as Police Officers | : | |
| for the City of Philadelphia; | : | |
| | : | |
| **POLICE OFFICER** | : | |
| **JOHN DOES 1-25** | : | |
| **(Badge # TBD)** | : | |
| individually and as Police Officers | : | |
| for the City of Philadelphia; | : | |
| | : | |
| **and** | : | |

1

8/16/2013
6 Summons
given
R.T.

CITY OF PHILADELPHIA            :
     **Defendants**               :

## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1341 (1), (3) and (4). Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

### PARTIES

2. Plaintiff, Christian Cirigliano is a 34 year old male and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Department, which employed the other defendant Police Officers at all times relevant to this action.

4. Those Defendant Police Officers who are named in this complaint were at all times relevant to this action a Officers of the City of Philadelphia Police Department. Each is being sued in his/her individual capacity and as a police officer for the City of Philadelphia. These Defendant Police Officers are: Thomas Liciardello (#4383); Michael Spicer (#5180); John Speiser (#7169); Brian Reynolds (#4268); Robert Otto (#317). Most, if not all, of these Defendant Police Officers were members of the Narcotics Strike Force or other units purportedly dealing with the investigation of illegal narcotics.

5. Upon information and belief, Defendant Police Officers John Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department. Most, if not all, of these Defendant Police Officers were members of the Narcotics Strike Force or other units purportedly dealing with the investigation if illegal narcotics and whose identities are presently unknown.

## FACTS

6.  On or about March 7, 2010, Defendant Officers set up surveillance in the area of 1411 Porter Street in the City of Philadelphia.

7.  Defendant Officers would later claim that they observed Mr. Cirigliano exit the property and meet with an individual later identified as Robert Williams.  Defendant Officers would also claim that a drug transaction occurred in which Mr. Cirigliano handed narcotics to Williams in exchange for a large amount of money. Defendant Officers would later testify under oath that the amount handed to Mr. Cirigliano must have been "thousands of dollars".

8.  On that every same day, Defendant Officers secured a search warrant and entered the premises of Mr. Cirigliano.  Defendant Officers were unable to locate any money apart from $196 which is a far cry from the thousands of dollars they claim Mr. Cirigliano received just 2 hours earlier.

9.  Defendant Police Officers then ransacked Mr. Cirigliano's residence causing a large amount of monetary damage to the inside area including, but not limited to, wall mounted cabinets, furniture and doors.

10. On or about April 2, 2011, Mr. Cirigliano was arrested and charged with selling illegal narcotics.

11. Defendant Police Officers claim that on that day they observed a narcotics transaction between Cirigliano and another individual later identified as Benny Coppola in the area of 1411 Porter Street in the City of Philadelphia.

12. Defendant Police Officers claim that Defendant Mr. Cirigliano received a large amount of cash in exchange for providing Coppola with illegal narcotics.

13. Defendant Police Officers arrested Mr. Cirigliano and obtained a key from him which opened the door to his residence at 1411 Porter street.  Again, Defendant Police Officers then ransacked Mr. Cirigliano's residence causing a large amount of monetary damage to the inside area including, but not limited to, wall mounted cabinets, furniture and doors.

14. Defendant Police Officers claimed that they discovered just $463 inside the property which was the only amount placed on a Police Dept Property Receipt.  Defendants were

3

unable to locate any additional money despite claiming that Mr. Cirigliano had just recently received a large amount of cash and never left his residence.

15. Mr. Cirigliano remained in custody for 247 days as a result of his unlawful arrest.

16. Mr. Cirigliano was required to pay a large amount of bail to ultimately secure his release from prison.

17. Mr. Cirigliano was required to retain criminal counsel to represent him.

18. Mr. Cirigliano, who had no prior adult criminal convictions, was twice arraigned on the following false charges:

   a. Manufacture, Delivery, or Possession With The Intent to Distribute a Controlled Substance pursuant to 35 PS §780-113(a)(30);

   b. Criminal Conspiracy pursuant to 18 Pa.C.S. §903(c); and

   c. Intentional Possession of a Controlled Substance pursuant to 35 P.S. §780-113(a)(16).

19. The Defendant Officers and other Officers all gave false statements concerning the incident described in this complaint.

20. The Defendant Officers and other officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrests of the plaintiff for the incident described in this complaint.

21. Defendant Police Officers were aware of exculpatory information about the plaintiff but failed to provide this information to the defense counsel for Mr. Cirigliano.

22. The Defendant Officers, in anticipation of the charging of the Plaintiff misrepresented the events that led to the arrest of the plaintiff. These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to plaintiff's rights.

23. The plaintiff obtained criminal counsel to represent him.

24. In a letter dated December 3, 2012, the District Attorney of Philadelphia, R. Seth Williams, announced that in an exercise of "prosecutorial discretion" his office:

   a. would no longer call some and/or all of the Defendant Officers as witnesses narcotics cases;

   b. would no longer approve narcotics cases for charging in which some and/or all of the Defendant Officers were necessary witnesses; and

4

    c. would no longer approve any search warrant or arrest warrant in any narcotics case in which some and/or all of the Defendant Officers were the affiant.

25. More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases in which the following officers are involved:

    a. Thomas Liciardello;

    b. Brian Reynolds;

    c. John Speiser;

    d. Michael Spicer;

    e. Perry Betts;

    f. Robert Otto.

26. This decision by the District Attorney rested upon the knowledge that some and/or all of the Defendant Officers in this matter had engaged in conduct which raised questions about their integrity and their law-abidingness while on duty.

27. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption and civil rights violation issues which involved some and/or all of the Defendant Officers. In addition, Federal law enforcement agencies were also made aware of such problems. The current Philadelphia Police Commissioner along with his predecessors and subordinates were also aware of these problems. Former District Attorney Lynn Abraham as well as her subordinates and her successor were aware of these problems. The basis of this knowledge was information from multiple sources including, but not limited to, federal investigations, internal investigations, questions raised by state and Federal prosecutors, and various other sources.

28. On or about December 18, 2012, the District Attorney's Office, after thoroughly reviewing the file and the actions of the Defendant Police Officers, dismissed these two cases against Mr. Cirigliano.

29. As a direct and proximate result of the misrepresentations and actions or inactions of the Defendant Police Officers, Mr. Cirigliano suffered loss of liberty, anxiety, fear and mental harm, financial loss in the form of criminal defense fees, lost bail moneys, lost financial aid, and lost wages from employment.

30. As a direct and proximate result of the defendants' actions, Plaintiff Cirigliano was denied of rights, privileges and immunities under the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested, the right to be free from false arrest and the right to due process of law.  Mr. Cirigliano was also deprived of the right not to be a victim of a conspiracy of state actors to violate the aforementioned clearly established rights.

31. The actions and/or inactions of the defendants violated the clearly established Federal constitutional rights of the plaintiff to freedom from use of excessive, unreasonable and unjustified force against his person, the right to be free from malicious prosecution, the right to be free from false arrest and the right to due process of law.

32. All actions taken by the defendants in this matter were taken under color of state law.

## COUNT ONE (1)
### 42 U.S.C. §1983 Against Defendant Officers – Excessive Force

33. Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth.

34. Plaintiff Cirigliano claims damages for the injuries set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Mr. Cirigliano's Constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally acted to cause a harmful and offensive contact with Mr. Cirigliano's person and such actions were the actual and proximate cause of his harm.

35. As a result of the above actions the Plaintiff demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorneys fees and costs under 42 U.S.C. §1988.

## COUNT TWO (2)
### Supplemental Claims Against Defendant Officers - Battery

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with Mr. Cirigliano's person and such actions were the actual and proximate cause of Mr. Cirigliano's harm.

38. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT THREE (3)
## 42 U.S.C. §1983 Against Defendant Officers – Assault

39. Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth.

40. Mr. Cirigliano was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with Mr. Cirigliano's person and such actions were the actual and proximate cause of Mr. Cirigliano's harm.

41. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT FOUR (4)
## Supplemental State Law Claims Against Defendant Officers – Assault

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they intentionally placed Mr. Cirigliano in reasonable apprehension of a harmful and/or offensive bodily contact and defendant's actions were the actual and proximate cause of Mr. Cirigliano's harm.

44. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT FIVE (5)
## 42 U.S.C. §1983 Against Defendant Officers – Unlawful Arrest

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46. Mr. Cirigliano was damaged and injured as set forth under 42 U.S.C. §1983 by the aforementioned Defendant Officers in that they violated plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers acted with the intent to arrest Mr. Cirigliano unlawfully, without probable cause, and against his will, and such actions were the actual and proximate cause of Mr. Cirigliano's confinement.

47. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT SIX (6)
## Supplemental State Law Claims Against Defendant Officers – False Imprisonment

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they acted with the intent to confine Mr. Cirigliano unlawfully and against his will, and such actions were the actual and proximate cause of his confinement

50. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT SEVEN (7)
## 42 U.S.C. §1983 Against Defendant Officers – Unjustified Search

51. Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52. Mr. Cirigliano was damaged and injured as set forth under 42 U.S.C. §1983 by the above mentioned Defendant Officers in that they violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant entered and searched his premises without a warrant and/or with a warrant containing materially false statements, and/or without probable cause, or without an exception to the warrant requirement.

8

53. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT EIGHT (8)
### 42 U.S.C. §1983 Against Defendant Officers – Malicious Prosecution

54. Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55. Mr. Cirigliano was damaged and injured as set forth under 42 U.S.C. §1983 by the aforementioned Defendant Officers in that they violated plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers seized and arrested the plaintiff, and instituted criminal proceedings against Mr. Cirigliano without probable cause and with malice. These proceedings terminated in favor of Mr. Cirigliano. The Defendant Officers' conduct was the direct and proximate cause for Mr. Cirigliano's harm.

56. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT NINE (9)
### Supplemental State Law Claims Against Defendant Officers – Malicious Prosecution

57. Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they instituted criminal proceedings against him without probable cause and with malice and where such proceedings were terminated in favor of Mr. Cirigliano.

59. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT TEN (10)
### 42 U.S.C. §1983 Against Defendant Officers – Conspiracy

60. Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61. Mr. Cirigliano was damaged and injured as set forth under 42 U.S.C. §1983 by the aforementioned Defendant Officers in that they violated plaintiff's Constitutional rights while acting under color of law. More specifically, Defendant Officers, acting in concert and conspiracy, committed acts in violation of the plaintiffs' Constitutional rights and against the laws of Pennsylvania. The Defendant Officers acted in conspiracy to violate the plaintiff's constitutional rights as stated above paragraphs, and made statements among themselves and others in order to conceal their own unlawful and unconstitutional conduct. Such actions were the direct proximate cause of plaintiff's harm.

62. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT ELEVEN (11)
### Supplemental State Law Claims Against Defendant Officers – Conspiracy

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth.

64. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they acted in concert and conspiracy in order to commit acts in violation of the plaintiff's Constitutional rights and against the laws of Pennsylvania. The Defendant Officers made statements amongst themselves and to others in order to conceal their unlawful and unconstitutional conduct.

65. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT TWELVE (12)
### Supplemental Claim of Intentional Infliction of Emotional Distress

**Against All Defendant Officers**

66. Paragraphs 1 through 65 are incorporated herein by reference as though fully set forth.

67. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they intentionally and/or recklessly caused the plaintiff severe emotional distress by their extreme and outrageous conduct.

68. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT THIRTEEN (13)**
**Supplemental Claim of Negligent Infliction of Emotional Distress**
**Against All Defendant Officers**

69. Paragraphs 1 through 68 are incorporated herein by reference as though fully set forth.

70. Mr. Cirigliano was damaged and injured as set forth above by Defendant Officers in that they negligently caused Mr. Cirigliano severe emotional distress as a result of their extreme and outrageous conduct and where Mr. Cirigliano's emotional distress resulted in the manifestation of physical symptoms.

71. As a result of the above actions, Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT FOURTEEN (14)**
**42 U.S.C. §1983 Against Defendant Officers – Conspiracy**

72. Paragraphs 1 through 71 are incorporated herein by reference as though fully set forth.

73. Mr. Cirigliano was damaged and injured as set forth under 42 U.S.C. §1983 by the Defendant Officers in that they violated plaintiff's rights while acting under color of law. More specifically, the city of Philadelphia developed and maintained policies and/or

customs exhibiting deliberate indifference to the Constitutional rights of persons in the city of Philadelphia, which caused the violation of Mr. Cirigliano's rights.

74. It was the policy and/or custom of the City of Philadelphia to cover up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other police officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

75. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity including, but not limited to, excessive force, unlawful detention, failure to intervene against other police officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

76. There has been a long-standing history, which has been extensively documented going back to the 1980s in which Philadelphia police officers had been engaging in rampant legal conduct during narcotics investigations. A non-exhaustive list of such conduct includes:

   a. In the early 1980s, during the "One Squad Scandal", a group of Philadelphia narcotics officers were convicted of selling drugs which they had stolen from drug dealers;

   b. During the decade between 1980 – 1990, a lieutenant and three officers from another drug unit (the "five squad" unit) engaged in conduct including the theft of drugs and over $280,000 that eventually resulted in Federal convictions;

   c. Around February of 1995, Philadelphia police officer John Baird and five other members of the 39th police district were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 citizens of the City of Philadelphia. Further, these police officers planted drugs on innocent individuals, conducted under reported raids, and stole from suspects;

   d. In 1997, Federal drug convictions were overturned as a result of a 1998 internal affairs investigation which found that narcotics police officer John Boucher was a potentially corrupt police officer

77. It was the policy and custom of the city of Philadelphia to inadequately supervise and train its police officers, including the Defendant Officers, against a code of silence or

"blue code" of officers refusing to intervene against or provide truthful information against Constitutional violations and other unlawful misconduct committed by their fellow police officers.

78. As a result of the above described policies and customs and/or the lack there of, police officers in the city of Philadelphia, including the Defendant Officers, believe that their actions would not be properly monitored by the supervisory officers and that their misconduct would not be investigated or sanction, but would be tolerated.

79. As result of the above actions, the plaintiff Mr. Cirigliano demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

**COUNT FIFTEEN (15)**
**Supplemental Claim of Negligent Hiring, Retention, and**
**Supervision Against Defendant City of Philadelphia**

80. Paragraphs 1 through 79 are incorporated herein by reference as though fully set forth.

81. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention, and supervision of the defendant police officers with such failure being the direct and proximate cause of the plaintiff's injuries.

82. As a result of the above actions, the Plaintiff demands judgment against Defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

*THE BOZZELLI LAW FIRM*

By: Lawrence J. Bozzelli, Esquire
ID# - 85108
211 N. 13th St – Ste 701, Phila, PA 19107
267-251-7822; bozzelli.law@gmail.com
Attorney for Plaintiff, Christian Cirigliano

DATE: 8.16.13

13